# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT GOOD, JR., and DANIEL R. MILLER,**
**Individually and on behalf of all similarly situated**
**plaintiffs,**

**PLAINTIFFS**

**-vs-**  Case No. 6:06-mc-62-Orl-19JGG
 [D. Minn. Civil File No.
**AMERIPRISE FINANCIAL, INC. f/k/a**  06-1027(PJS/RLE)]
**American Express Financial Corp., and**
**AMERIPRISE FINANCIAL SERVICES, INC,**
**f/k/a American Express Financial Advisors, Inc.,**

**DEFENDANTS**

# ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | NON-PARTY, CNL SECURITIES CORP., FRCP RULE 45 OBJECTIONS AND MOTION TO MODIFY, QUASH OR ENTER PROTECTIVE ORDER AGAINST SUBPOENA (Doc. No. 1) |
| **FILED:** | June 28, 2006 |

**THEREON** it is **ORDERED** that the motion be **DENIED without prejudice**.

| | |
|---|---|
| **MOTION:** | NON-PARTY CNL SECURITIES CORP.'S AGREED MOTION FOR APPROVAL OF COMPROMISE MODIFYING SUBPOENA (Doc. No. 8) |
| **FILED:** | July 21, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

This is a miscellaneous action brought by CNL Securities Corp. ("CNL") for the purpose of objecting to a subpoena duces tecum issued on behalf of Plaintiffs, Robert Good, Jr. and Daniel R. Miller, under this Court's authority for production of documents in connection with an action pending in the United States District Court for the District of Minnesota. Doc. 1. CNL is not a party to the underlying action in the District of Minnesota.

CNL and Plaintiffs (hereafter referred to as "parties") have reached an agreement intended to resolve the motion to modify, quash or for a protective order filed at Docket 1. The parties' agreement, however, is contingent upon the Court taking certain action. Specifically, the parties want the Court to:

> enter an order approving the stipulation and modifying the Subpoena directed to CSC accordingly, and that this Court further reserve jurisdiction to: (i) resolve any disputes between Plaintiffs and CSC over the sufficiency of CSC compliance with the stipulated compromise; and (ii) enforce the Confidentiality and Protective Order filed June 20, 2006 as if it were the Confidentiality Stipulation and Protective Order of this Florida Federal Court.

Docket 8 at 4.

Initially, an order approving the parties' compromise regarding the subpoena duces tecum is unnecessary as the parties are allowed to enter written stipulations governing or limiting discovery. Fed. R. Civ. P. 29. The parties here have entered into a written stipulation that sets forth the scope of the agreed document production. Entry of a Court order under these circumstances is unnecessary, and the Court declines to modify the subpoena given the agreement to limit it.

With respect to the parties' desire that this Court adopt and enforce the Confidentiality and Protective Order filed in the District of Minnesota as though it were this Court's order, the Court also

declines to do that. Initially, the filing in the District of Minnesota appears to have been a stipulation between Plaintiffs and Defendants to the underlying action, with no review or endorsement by the District of Minnesota. In drafting the Stipulated Protective Order, the Plaintiffs and Defendants to the underlying action apparently contemplated having disputes resolved by the District of Minnesota, not some other court. A motion that may affect the underlying action should be resolved by the District of Minnesota and not this Court. In particular, a motion to remove a "Confidential" designation should be resolved by the District of Minnesota. Further, to the extent the Stipulated Protective Order permits filing of documents under seal (Docket 8-3 at ¶ 11), the filing of documents under seal is disfavored. This Court will not permit the filing of a document under seal unless it is supported by a motion showing extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985); *see also* Administrative Procedures for Case Management/Electronic Case Filing (effective July 2004).

Further, the scope of the parties' request that this Court retain jurisdiction to enforce the Confidentiality Agreement is unclear. The Stipulated Protective Order filed in the Minnesota action does not address enforcement of the confidentiality provisions. Giving the motion the broadest interpretation, the parties ask the Court to retain jurisdiction for an unlimited period of time and to handle all manner of enforcement of the Agreement, including possible claims for damages or injunctive relief.

The Court is disinclined to retain jurisdiction over this matter except for a brief period of time (*e.g.*, 90 days) to enforce the production of the agreed documents. Similarly, the Court is willing to

retain jurisdiction for a brief period of time to enforce the Confidentiality Agreement to the extent that such enforcement is limited to compliance orders, sanctions, or contempt of Court. Any breach of the parties' confidentiality agreement resulting in damages or requests for injunctive relief, however, are separate claims which require their own basis for jurisdiction and must be brought separately. *Cf., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

Since the Court declines to enter the order to which the parties agreed, the motion to modify the protective order filed at Docket 1 and the motion to approve the compromise at Docket 8 are both denied without prejudice. The Court welcomes the parties' efforts to resolve this discovery dispute without the Court's involvement. Any order requested from the Court, however, must be appropriately limited.

Ordered in Orlando, Florida on August 1, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE